**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHAHANA KHALID, | |
| Plaintiff, | Case No. 1:21-cv-05999 |
| v. | |
| AMERICAN MANAGEMENT SERVICES, INC., | |
| Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, SHAHANA KHALID, by and through her undersigned counsel, complaining of Defendant, AMERICAN MANAGEMENT SERVICES, INC., as follows:

## NATURE OF THE ACTION

1.     This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.     SHAHANA KHALID ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Wheaton, Illinois.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     AMERICAN MANAGEMENT SERVICES, INC. ("Defendant") is a debt collection agency which collects debts owed to others.

7.     Defendant maintains its principal place of business at 321 North Mall Drive, Building X, Suite 102, St. George, Utah 84770.

8.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9.     At some point in time, Plaintiff received medical services from Utah Surgical Associates, amassing a balance ("subject debt").

10.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.     Due to unforeseen financial hardship, Plaintiff was unable to pay the subject debt and it was turned over to Defendant for collection.

12.     On October 7, 2021, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

13.     Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

14.     Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

15.     Specifically, Defendant's Letter stated "Original Creditor: Utah Surgical Associates" but did not identify the **current creditor.**

16.     Defendant's Letter confused Plaintiff as she was unable to determine if the original creditor, Utah Surgical Associates, was also the current creditor.

17.      In other words, just because Utah Surgical Associates may have been the original creditor does not necessarily mean that it is also the **current creditor.**

18.     Further obfuscating the identity of the **current creditor**, Defendant's Letter requested that payment be mailed directly to Defendant, and not Utah Surgical Associates.

2

19.     Defendant's Letter also stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

20.     This language raised the possibility that the subject debt could have been sold but did not clarify who currently owned the subject debt.

21.     Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine whether Utah Surgical Associates, Defendant, or an unknown third party was the current creditor to whom the subject debt was owed.

22.     The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information - is great.

23.     Being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

24.     Failure to disclose the current creditor in Defendant's Letter was confusing and misleading to Plaintiff.

25.     Accordingly, Plaintiff was deprived of her right to receive critical information required by the FDCPA.

26.     Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

27.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692g**

28.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> (1)     the amount of the debt;

> (2)     **the name of the creditor to whom the debt is owed**;

> (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

> (emphasis added).
> 15 U.S.C. §1692g(a).

29.     Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

30.     Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

31.     Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

4

32.     As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether Utah Surgical Associates, Defendant, or an unknown third party was the current creditor to whom the subject debt was owed.

33.     The confusing and misleading nature of Defendant's Letter made Plaintiff anxious as she was concerned that Defendant would report the account as delinquent to the credit agencies and thus Defendant's omissions and misrepresentations were material.

34.     Defendant's Letter also made Plaintiff anxious as she was concerned that a payment to Defendant may not be credited to the account, as she was unsure of which entity currently owned the subject debt.

35.     Assuming that Utah Surgical Associates is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc*., 948 F.3d 761, 765 (7th Cir. 2020).

36.     Plaintiff may enforce the provisions of §15 U.S.C. g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

      (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, SHAHANA KHALID, requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. § 1692 g(a)(2);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of attorney's fees and costs; and

E.    an award of such other relief as this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.


Dated: November 9, 2021                    Respectfully submitted,

                                           **SHAHANA KHALID**

                                           By: */s/ Jennifer Ann McLaughlin*

                                           Jennifer Ann McLaughlin, Esq.
                                           Victor T. Metroff, Esq.
                                           Mohammed O. Badwan, Esq.
                                           Marwan R. Daher, Esq.
                                           Sulaiman Law Group, Ltd.
                                           2500 South Highland Avenue
                                           Suite 200
                                           Lombard, Illinois 60148
                                           (630) 575-8181
                                           jmclaughlin@sulaimanlaw.com
                                           mbadwan@sulaimanlaw.com
                                           vmetroff@sulaimanlaw.com
                                           mdaher@sulaimanlaw.com